**UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| SUSAN STANSBURY,<br><br>   Plaintiff,<br><br> v.<br><br>CENTRAL CREDIT SERVICES, INC.,<br><br>   Defendant. | Case No.: 1:12-cv-00571<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

SUSAN STANSBURY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CENTRAL CREDIT SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over any state law claims.

3. Defendant conducts business in the State of Texas, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Austin, Texas.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code Ann. § 392.001(1).

7. Defendant is a debt collection company with corporate headquarters located at 9550 Regency Square Blvd. #602, Jacksonville, Florida, 32225.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code Ann. § 392.001(6) and (7).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a Sallie Mae student loan.

11. The alleged debt that Defendant attempted to collect arose from transactions, which were primarily for personal, family, or household purposes.

12. As Plaintiff has no business debt, the debt could only have been personal in nature.

13. Between January 2012 until February 2012, Defendant's collectors, including but not limited to "Michael Monteno" (phonetic), "Keith Brong" (phonetic), "Mona Davis" (phonetic) made repeated and continuous calls to Plaintiff, as well as to Plaintiff's parents and co-workers in order to collect the alleged student loan debt.

14. Defendant's harassing calls originated from numbers including, but not limited to

(866) 904-800, (888) 682-2297 and (904) 562-6655.  The undersigned has confirmed that these numbers belong to Defendant.

15. In or around January of 2012, Defendant's collector, "Michael Monteno", laughed at Plaintiff for the amount of student debt she owed, and told Plaintiff she would be paying the loans for the rest of her life.

16. Defendant's mocking of Plaintiff caused Plaintiff significant embarrassment, and made her feel helpless as to her future with such significant debt.

17. Plaintiff believes that this was precisely Defendant's intent, as the only reason for Defendant to use such language and tone could have been to shame and embarrass Plaintiff into paying the alleged debt.

18. Additionally, on numerous occasions, Defendant's collectors spoke with Plaintiff's mother, and disclosed that Plaintiff owed a debt.

19. Plaintiff never authorized Defendant to speak with her parents about the alleged debt.

20. As Defendant had already discussed the alleged debt with Plaintiff in January of 2012, the purpose of Defendant's calls could not have been to acquire Plaintiff's location information.

21. Plaintiff was offended that Defendant involved her parents in the collection of the alleged debt, as Plaintiff's parents are older and retired, and Defendant's calls caused Plaintiff to be frightened for their financial wellbeing.

22. Plaintiff works at a restaurant and typically has a workday of 6:00 am until 3:00 pm.

23. Defendant placed near daily calls to Plaintiff's cellular telephone during Plaintiff's work hours.

24. In or around February 2012, Plaintiff left Defendant a recorded voicemail, telling Defendant not to call her cellular telephone during her work hours, as these calls distracted Plaintiff from her employment related tasks.

25. Despite this clear and unequivocal instruction, Defendant continued to call Plaintiff during the specified hours.

26. During one occasion in or around February of 2012, Defendant contacted Plaintiff's supervisor and revealed that Defendant was a debt collector and that Plaintiff owed a student loan debt.

27. Plaintiff never gave Defendant authorization to make such contact with her supervisor, regarding her alleged debt.

28. Plaintiff was embarrassed when Plaintiff's supervisor sent her an email informing Plaintiff that he received a call from Defendant about the alleged debt.

29. This call took place after Defendant had discussed the debt with Plaintiff, therefore it is clear that Defendant was not attempting to acquire Plaintiff's contact or location information, but to harass and humiliate her.

30. Furthermore, during one conversation with Plaintiff, Defendant threatened to seize the home belonging to Plaintiff's parents if Plaintiff did not make immediate payment on the debt.

31. This statement was highly coercive and deceptive, as Defendant has no legal claim to Plaintiff parent's house.

32. Furthermore, during one conversation, Defendant's collector "Keith Brong" misrepresented to Plaintiff that he had access to the bank account belonging to Plaintiff's father, and knew how much money was in such account.

33. This representation frightened Plaintiff, who feared that Defendant would take

- 4 -

money from her father's bank account as a result of Plaintiff's non-payment.

34. Defendant made these false threats in order to intimidate and harass Plaintiff into paying the alleged debt.

35. Defendant took the above actions with the intent to harass, abuse, frighten and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(a)(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

36. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from contacting a consumer in connection to the collection of any debt at any unusual time or place known or which should be known to be inconvenient to the consumer.

37. Defendant violated § 1692c(a)(1) when it contacted Plaintiff during her work hours, and when it continued to contact Plaintiff during her work hours after Plaintiff informed Defendant it was inconvenient for her to receive personal calls during her work hours.

**COUNT II**
**DEFENDANT VIOLATED § 1692c(b) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

38. Section 1692c(b) prohibits debt collectors from contacting any third party regarding a consumer's debt without the consumer's consent.

39. Defendant violated § 1692c(b) when it disclosed the fact that Plaintiff owed a debt to her parents and to her supervisor.

**COUNT III**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

40. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person with the collection of any debt.

41. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly with intent to annoy and harass Plaintiff, when it called Plaintiff's parents repeatedly and left voicemail messages, when it contacted Plaintiff's supervisor, when it threatened to seize Plaintiff's parents house, and when it engaged in other harassing and abusive conduct.

**COUNT IV**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

42. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

43. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's cellular telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT V**
**DEFENDANT VIOLATED § 1692e OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

44. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

45. Defendant violated § 1692e of the FDCPA, when it threatened to seize Plaintiff's parents' home, when it represented that it had access to Plaintiff's parents' bank account, and

when it made other false, deceptive or misleading representations.

### COUNT VI
### DEFENDANT VIOLATED § 1692e(4) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

46. Section 1692e(4) of the FDCPA prohibits debt collectors from making a false representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property of any person unless such action is lawful and the debt collector intends on taking such action.

47. Defendant violated § 1692e(4) of the FDCPA when it threatened to seize Plaintiff's parents' home, when it lacked the ability and the intent to do so.

### COUNT VII
### DEFENDANT VIOLATED § 1692e(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

48. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.

49. Defendant violated § 1692e(5) of the FDCPA when it threatened to seize Plaintiff's parents' home, when it lacked the ability and the intent to do so.

### COUNT VIII
### DEFENDANT VIOLATED § 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

50. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

51. Defendant violated § 1692e(10) of the FDCPA, when it threatened to seize Plaintiff's parents home, when it misrepresented that it had access to Plaintiff's parents' bank

account, and when it made other false and misleading representations.

account, and when it made other false and misleading representations.

### COUNT IX
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

52. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

53. Defendant violated § 1692f of the FDCPA when it repeatedly called Plaintiff's telephone with the purpose of harassing Plaintiff into making payment, when it called Plaintiff repeatedly with intent to annoy and harass Plaintiff, when it called Plaintiff's parents repeatedly, when it disclosed Plaintiff's debt to her supervisor, when it threatened to seize Plaintiff's parents house, when it asked Plaintiff to send Defendant a post dated check, and when it engaged in other unconscionable conduct.

### COUNT X
### DEFENDANT VIOLATED § 392.302(4) OF THE
### TEXAS FAIR DEBT COLLECTION PRACTICES ACT

54. Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

55. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's telephone to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number.

**COUNT XI**
**DEFENDANT VIOLATED § 392.303(a)(2) OF THE**
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

56. Section 392.303(a)(2) of the Texas FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

57. Defendant violated § 392.303(a)(2) when it called Plaintiff repeatedly and continuously, when it called Plaintiff while she was at work, when it spoke with Plaintiff's supervisor, when it called Plaintiff's parents, threatened to seize Plaintiff's parents' home, when it misrepresented that it had access to Plaintiff's parents' bank account, and when it engaged in other unconscionable means to collect the debt.

**COUNT XII**
**DEFENDANT VIOLATED § 392.304(a)(8) OF THE**
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

58. Section 392.304(a)(8) of the Texas FDCPA prohibits debt collectors from making fraudulent, deceptive or misleading representations when collecting a debt.

59. Defendant violated § 392.304(a)(8) when it threatened to seize the home of Plaintiff's parents when it lacked the ability to do so, when it misrepresented that it had access to Plaintiff's parents' bank account, and when it made other deceptive and fraudulent statements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SUSAN STANSBURY, respectfully prays for a judgment as follows:

   a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and § 392.403(a)(2);

      b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Tex. Fin. Code § 392.403(e);

      c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

      d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SUSAN STANSBURY, demands a jury trial in this case.

DATED: 06/29/12                  KIMMEL & SILVERMAN, P.C.

                                      By:  /s/ Amy L. Bennecoff
                                             Amy L. Bennecoff
                                             Attorney for Plaintiff
                                             Kimmel & Silverman, P.C.
                                             30 E. Butler Pike
                                             Ambler, PA 19002
                                             Phone: (215) 540-8888
                                             Fax: (877) 788-2864
                                             Email: abennecoff@creditlaw.com